ROGERS, J.
 

 Relator is the judge of the district court for the Eleventh judicial district, composed of the parishes of Natchitoches and Red River.
 

 Some six months ago he filed suit in said court against William T. Cunningham and three other defendants for damages for slander and libel; and some four months later I he filed suit in the same court against Wil
 
 *209
 
 liam T. Cunningham alone for damages for slander.
 

 Citations were issued and, together with certified copies of the petitions, were promptly served on all the defendants, and, although the delay of 15 dáys from said service provided by law for answering has long since elapsed, none of the defendants has filed an answer or other pleading.
 

 At the time the said suits were entered, relator, because of his personal interest therein, recused himself (Act 40 of 1880), indorsing the order of recusation on each of the petitions filed. Relator appointed Judge R. W. Oglesby, of the Fifth judicial district court, to try the first suit (Act 185 of 1898). Judge Oglesby, in the meantime, having been appointed by this court as a member of the Court of Appeals for the Second Circuit, was forced to decline said appointment, which he did in writing. Subsequently, and after the filing of the second suit, relator appointed Judge E. P. Mills, one of the judges of the First judicial district, to try both cases.
 

 In his application to this court, relator avers that Judge Mills has neither accepted nor declined said appointment, but that, owing to the congestion of the docket of the First judicial district court, it will be impossible to secure the services of Judge Mills for months, and probably not within the present term of court. Relator has not made any other appointment of a judge ad hoe to try said cases.
 

 In this situation, and alleging that both of said petitions are ripe for preliminary default, relator, in his individual capacity, acting through his attorneys, appeared in the Eleventh judicial district court before relator in his judicial capacity, and moved for preliminary defaults.
 

 Relator, realizing “that he was in a delicate situation, while said two motions for preliminary default were pending before him,” and desiring to resolve all doubts in favor of his opponents and against himself, denied, in his official capacity, the motions which had been made on his behalf in his individual capacity.
 

 Notwithstanding his action in refusing to grant the motions for preliminary defaults, relator avers that he was in error in so acting, because the granting of a preliminary default is a ministerial, and not a judicial, function, which could be performed by himself, as well as by another district judge, acting herein as judge ad hoc, and hence has applied, to this court for a writ of mandamus against himself, as judge, to permit the entry of said defaults.
 

 I do not think it is necessary, for the purposes of this application, to decide whether the entry of a default is a ministerial or a judicial act.
 

 The Code of Practice, art. 811, reads:
 

 “Such judgment may be
 
 obtained
 
 by
 
 moving
 
 for it m
 
 court,
 
 but it consists merely in a statement on the
 
 records
 
 of the
 
 court,
 
 showing that the defendant has failed to appear.” CWriter’s italics.)
 

 The “records of the court” referred to in the article are the
 
 minutes
 
 of the court; and an entry on the minutes of the court showing that default has been taken is essential. Adler v. Wolff et al., 86 Ea. Ann. at page 175. The default is “obtained” by “moving for it in court”; that is to say, by appearing in court before a judge authorized to preside over the tribunal, and empowered to hear and determine the issues between the parties. Quoad the two cases referred to in his application, relator is clearly without such authority or power. When the orders of recusation were entered, relator’s functions became confined solely to the selection of a judge ad hoc to try the cases, and to review and revise the order appointing the judge ad hoc. State v. Woods, 124 •La. 738, 50 So. 671. He was stripped of all other authority and power, including the power to grant a preliminary default, which
 
 *211
 
 is one of the steps provided by law in the bearing and determining of causes between litigants.
 

 In my opinion, therefore, the writ applied for should be refused.
 

 Writ refused, for the reasons assigned.
 

 LAND, J., concurs in decree»