### FEDERAL SURETY CO. v. CEFALU.

### No. 1576.

Court of Appeal of Louisiana. First Circuit.

March 23, 1936.

A. Sidney Burns, of Lake Charles, for appellant.

S. S. Reid, of Amite, for appellee.

DORE, Judge.

This suit was filed by plaintiff, an insurance company organized under the laws of Iowa and domiciled in that state, but authorized to do business in the state of Louisiana, against the defendant, a resident of Tangipahoa parish, to recover $500 and interest on an indemnity bond or contract. The suit was filed in October, 1932. Shortly thereafter defendant filed an exception to the capacity of plaintiff to sue and stand in judgment, for the reason that a receiver had been appointed for said plaintiff and its affairs were in the hands of a receiver. No action seems to have been taken on this exception, but in March, 1933, plaintiff filed a motion suggesting to the court that a receiver had been appointed for the plaintiff insurance company on September 25, 1931, and that the said receiver had duly qualified under the laws of Iowa in accordance with the order of court rendered in that state; that, under said appointment, said receiver, E. W. Clark, had been given full authority to sue for and take possession of the property and money belonging to the said Federal Surety Company.

To this motion was annexed certified copies of the order appointing said receiver, letters of receivership, and a certificate showing that said receiver had been duly qualified. From the order of the Iowa court making the appointment of E. W. Clark as receiver, we quote the following:

"That under and in accordance with the provisions of section 8964 of the Code of 1927 of the State of Iowa the defendant, Federal Surety Company, shall be dissolved and its effects distributed.

"That E. W. Clark, Commissioner of Insurance of the State of Iowa, be and he is hereby appointed permanent receiver of said defendant company in accordance with provisions of chapter 233, Acts of the Forty-Third General Assembly of the State of Iowa, with authority and direction to take charge of and manage the property, assets and business of the defendant, with full power to sue for, collect, receive and take into his possession the goods, chattels, rights, credits, monies, books, papers, property and assets, of every description and wheresoever situated, of the defendant, and

to do any and all acts and things which may be necessary, proper or advisable to preserve the property, assets, rights and privileges of the defendant, and with all the incidental powers ordinarily vested in receivers in like cases, and that the Union Savings Bank & Trust Company, of Davenport, Iowa, is hereby designated as the depository of all money and funds coming into the hands of the receiver."

After the filing of the motion and order for making said receiver a party plaintiff, the defendant filed an exception to the capacity of said receiver to sue and stand in judgment, for the reason that said receiver had been appointed by the state court of Iowa and had no jurisdiction outside of that state. This exception was sustained on December 19, 1933, but the judgment was not signed until June 27, 1935, and on which day the receiver obtained an order of appeal to this court.

The exception was sustained under the general rule of law that a receiver appointed by the courts of a foreign state in the exercise of ordinary equity jurisdiction has no power or authority to sue in the courts of another state to collection property or funds due the corporation for which he is acting as receiver, without special permission from the courts of the latter state or some statutory authority to that effect. It is not necessary for us to determine, in this case, just what are the rights of an ordinary chancery receiver appointed by the courts of another state in suing in this state to collect the assets, as the record shows that in the case at bar the receiver, Clark, is not an ordinary chancery or equity receiver, but is a statutory receiver and the legal successor to the Federal Surety Company.

The order appointing Clark as receiver, as shown from the extract quoted above and which is a part of the record of the case, dissolves the Federal Surety Company under the laws of Iowa, and appoints Clark, commissioner of insurance of Iowa, as permanent receiver, all in accordance with the laws of Iowa. Therefore this order shows in itself that Clark is the legal successor of the Federal Surety Company and the statutory receiver under the laws of Iowa. That being a fact, he is entitled to sue in the courts of this state to recover the assets of the Federal Surety Company, and our courts are without authority to deny him of that right. See Clark, Receiver, v. Williard et al., 292 U.S. 112, 54 S.Ct. 615, 78 L.Ed. 1160.

Plaintiff has filed a motion in this court to have Ray Murphy, commissioner of insurance of Iowa, substituted as successor to Clark, as receiver; Clark's term having expired as commissioner of insurance of Iowa and as receiver on July 1, 1935. As Ray Murphy has the same authority under his official position and appointment, as did his predecessor, Clark, it therefore follows that Murphy should be substituted as plaintiff, and we have therefore signed such an order to that effect.

The judgment sustaining the exception of want of capacity to sue and lack of jurisdiction is hereby annulled and set aside, and the exception overruled, and the case is hereby remanded to the lower court for trial; appellee to pay the costs of the appeal, all other costs to await the final determination of the case.

Reversed and remanded.