Plaintiff brought suit against Ben R. Miller to recover the sum of $224.62, alleged to be damage caused his automobile by the negligence of defendant. No appearance was made in the suit by defendant and a preliminary default was entered and, after the legal delays had passed, the preliminary default was confirmed and judgment rendered as prayed for, on November 23, 1943. On November 30th following, a fieri facias was issued on said judgment and garnishment proceedings issued against the Rapides Bank Trust Company of Alexandria. On December 3, 1943, Ben R. Miller appeared in Court through counsel and prayed for and was granted orders of appeal from the judgment rendered on November 23, 1943.
In this Court, appellant contends the judgment was illegal and should be set aside for the following reasons:
I. That the method of entering the preliminary default was illegal in that it was not asked for by counsel for plaintiff in open Court;
II. That no proof was made when the preliminary default was entered that defendant had made no appearance; and
III. That there was not adequate proof made on confirmation of the default to base the judgment rendered.
The only ground urged by appellant that is in any way serious is the first one, the second and third grounds being, in our opinion, without merit. The only proof necessary to show that defendant had made no appearance was the Court record itself, which was before the Court.
Article 310 of the Code of Practice provides: "Defendant failing to appear. — If the defendant do not appear either in person or by his advocate after the delay provided by law, the plaintiff may take a judgment by default against him."
Article 311 of the Code of Practice provides: "Motion for and entry of default. — Such judgment may be obtained by moving for it in court, but it consists merely in a statement on the records of the court, showing that the defendant has failed to appear."
Article 312 of the Code of Practice provides for the confirmation of default after the lapse of two days after the preliminary default was taken by proving the demand, and Article 315 provides as follows: "Final judgment — Sufficiency. — A judgment by default must express the ground on which it was rendered, but it is sufficient to state in the final judgment that the demand has proved."
There are many decisions of the courts of this State which hold that where the recitals in a judgment are that "plaintiff has made due proof of his claim," it will be presumed that legal and sufficient evidence is before the Court. Goldman v. Thomson, 3 La.App. 469; Martin v. District Grand Lodge, La.App., 146 So. 793. The judgment in the case at bar stated, — "the plaintiff having made due proof of his demands".
The first ground urged by appellant is in fact an attack on a rule of court of the Ninth Judicial District. Rule No. 15 in the printed rules of that Court provides: "All motions, pleas, answers or pleadings of every kind in pending cases shall be tendered in the office of the Clerk not later than 9:00 o'clock on Tuesdays and Fridays of each week and he shall make a correct list thereon with the date tendered and read such list in open court at motion hour on said days. Actions to be taken in open court in pending cases may be directed to the Minute Clerk by counsel on forms provided for that purpose * * *."
In putting this rule into effect, the clerk had blank forms printed for the use of the lawyers headed—
 "Minute Clerk Please Tender for Default ................................... Confirmation of Default ................... Dismissal .................................
* * * * *."
On the form there was a place to give the style and number of the case, the signature of the attorney and the date. In this case the attorney for plaintiff filled out one of these forms, checking "Default", dated and signed it. The following day the document was read out in open court by the minute clerk and "Preliminary Default" entered on the minutes. There is nothing *Page 337 
in the record to show whether counsel for plaintiff was present in Court or not.
In Jones v. Cunningham et al., 157 La. 208, 102 So. 309, 310, the Supreme Court of this State interpreted Article 311 of the Code of Practice by stating that the "record of the court" referred to therein is the minutes of the Court, and further stated: "The default is obtained `by moving for it in court'; that is to say, by appearing in court before a judge authorized to preside over the tribunal, and empowered to hear and determine the issues between the parties."
Under the above interpretation it is necessary for the plaintiff or his counsel to appear in open court and ask for the preliminary default. The question then is: Did the manner in which the preliminary default was taken in this case constitute an appearance in open court by counsel for plaintiff? If it was, the preliminary default was legally taken and the judgment based thereon is legal. If not, the preliminary default was not legally taken and there is nothing to base the judgment on as there was no joining of issue at the time the judgment was rendered.
Our Code of Practice does not require that the motion for a default be made orally for it may be a written motion. Appearance in court does not mean personal appearance, it means appearance by having filed an exception or an answer or other pleading. Defendant might attend court every day and if he did not file either an exception, answer or some other plea, he would not have appeared and default could be entered and confirmed against him. On the other hand, he might never attend court, but if he had filed an answer in the clerk's office within the delays allowed by law, he would have appeared and default could not have been entered against him. When counsel for plaintiff filed a written request with the clerk of court for a default to be entered and this written request was read in open court by the clerk and default ordered entered by the Judge, as was done in this case, it is our opinion that the appearance in court required by the finding of the Supreme Court in the case of Jones v. Cunningham, supra, was complied with.
Appellant also makes the point that under R.S. Sec. 116, Dart's Statutes, Sec. 456, the clerk of court is forbidden to appear or plead for any person in the court for which he is an officer. The action of the clerk in reading the application of counsel for a default is purely and simply a ministerial duty required of him by rule No. 15 of the Court, and he is not appearing or pleading for any person when he does so. He is only performing the duty of his office under the court's rules.
The preliminary default was legally taken and the confirmation and judgment rendered thereon were legally done. There is, therefore, no error in the judgment of the lower Court and it is affirmed, with costs.