CAVANAUGH, Judge.
Plaintiff as subrogee of its insured paid the sum of $1,264.37, which payment it alleges represented the cost of repair and towing charges on an automobile of Mrs. L. A. Domingue on which it had issued a collision insurance policy and which automobile was negligently driven by the defendant on March 27, 1951, causing it to go off of the highway, overturning and resulting in the damage which plaintiff had paid. After the suit was filed, plaintiff was placed in receivership on February 3, 1953, by an order of the Fifty-third Judicial District Court of Travis County, Texas, in cause No. 94820 and Will G. Knox was appointed receiver and he subsequently filed an amended petition requesting that he be made party to the suit. Attached to this supplemental petition is what is purported to be certified copy of House Bill No. 249 of the Forty-sixth Legislature of the State of Texas, Laws 1939, p. 389, and signed by the Governor on June 30, 1939.[1] This statute is certified to according to the Acts of Congress and a certified copy of the Minutes of said Board shows that Will G. Knox was appointed liquidator and qualified on February 13, 1953. A certified copy of the judgment ordering the liquidation of plaintiff, certified according to the Acts of Congress, is also attached to this amended petition. The defendant was duly served and cited with the amended petition after the liquidator had been appointed and qualified and had been made party to the suit.
The defendant had filed an answer to the original petition before the liquidator was appointed and after the liquidator was appointed he filed answers to the amended petition. His original counsel withdrew from the case after the first answer had been filed and his subsequent counsel filed the supplemental and amended answers.
On June 22, 1954, after trial of the case, the district court rendered judgment in favor of the defendant, rejecting the plaintiff’s demands. No written reasons were assigned by the trial court for rejecting the plaintiff’s demands but in this judgment the Court states that the plaintiff company had suffered a judgment to be rendered against it in the sum of $3,095.84 by reason of the damage done to the automobile of Louis A. Domingue and which defendant was driving at the time it was damaged and that the plaintiff had deposited in the registry of the Court the sum of $1,264.36, which sum Domingue withdrew.
The case was tried on April 19, 1954, and the Court trying the case did not render judgment in the matter until June 22, 1954. The plaintiff appealed from the judgment and the record was lodged in this Court on August 2, 1954.
The defendant-appellee at the time this case was argued filed a motion to dismiss the appeal based on the ground that the receiver Will G. Knox resigned his office as receiver of the insurance company on March 26, 1954, which, according to the record, was before this case was tried and it is alleged that at the time he took and perfected the appeal he was without authority to represent the insurance company *45 in receivership and ask that the appeal be dismissed. Attached to his motion to dismiss is a certified copy of the order appointing J. D. Wheeler as receiver to succeed Will G. Knox. This document is certified to according to the Acts of Congress.
The question presented is whether or not this action has abated insofar as this appeal is concerned by being brought here by a litigant who was at the time the case was tried and when the judgment was rendered as well as when the appeal was taken and filed in this Court, a party without interest. The law is that when the appointment of a receiver or liquidator of an insolvent corporation dissolves the corporation as a legal entity and invests the receiver or liquidator with the title to its property suits by or against the corporation must be brought by or against the receiver or liquidator, in his name and in his official capacity, but where receivership or liquidation does not destroy corporate capacity, suit may be brought in the name of the corporation represented by the receiver or liquidator in his official capacity. Tangipahoa Bank & Trust Co. v. Guwang, La.App., 15 So.2d 148.
The supplemental petition of the insurance company filed in this case shows that Will G. Knox was not only the receiver but was also the statutory liquidator appointed under the judgment dissolving the corporation. The pertinent sections of the statute as reflected by the exemplified copy attached to plaintiff’s supplemental petition are as follows:
“Section 1. Definitions. For the purposes of this Act:
“(a) ‘Insurer’ means any person, firm, corporation, association, or aggregation of persons doing an insurance business and subject to the insurance supervisory authority of the Board of Insurance Commissioners. * * *
“(d) 'Liquidator’ means the person designated by the Board of Insurance Commissioners as receiver, liquidator, rehabilitator or conservator of all insurers as defined herein. * * *
“Sec. 2. Conduct of Delinquency Proceedings Against Domiciliary Insurers. Whenever under the law of this State a court of competent jurisdiction finds that a receiver should take charge of the assets of an insurer domiciled in this State, the liquidator designated by the Board of Insurance Commissioners as hereinafter provided for shall be such receiver. The liquidator so appointed receiver shall forthwith take possession of the assets of such insurer and deal with the same in his own name as receiver or in the name of the insurer as the court may direct.
“The said receiver and his successors in office shall be vested by operation of law with the title to all of the property, contracts and rights of action of such insurer, wherever located, as of the date of entry of the order directing possession to be taken. The filing or recording of such an order in any record office of the State shall impart the same notice as would be imparted by a deed, bill of sale or other evidence of title duly filed or recorded by such insurer. The receiver shall be responsible, on his official bond hereinafter provided for, for all assets coming into his possession. * * *
“Sec. 4. Appointment of Liquidator. The liquidator herein named shall be appointed by a majority of the said Board of Insurance Commissioners, and shall be subject to removal by a majority of said Board, and before entering upon the duties of said office, shall file with the Board of Insurance Commissioners a bond in the sum of Ten Thousand Dollars ($10,000), payable to the Board of Insurance Commissioners, and conditioned upon the faithful performance of his duties and the proper accounting for all moneys and properties received or administered by him. * * *”
The appellant has not filed a motion to substitute himself as party plaintiff *46 in this suit in response to the motion to dismiss. Under our ruling in the case of Federal Surety Co. v. Cefalu, La.App., 166 So. 884, if such a motion had been filed we would have authorized the substitution, even if this case is not properly before us by the appeal of the present liquidator and receiver J. D. Wheeler, who was appointed on March 26, 1954.
If the appeal is not properly before us because it was taken and perfected by Will G. Knox when he had become functus officio by reason of his resignation and the appointment of Wheeler then the judgment rendered by the lower court is an absolute nullity because it was rendered against a party who had no capacity to stand in judgment. We have to take notice on our own motion of a case before us on appeal when necessary parties or indispensable parties were not parties to the suit. The motion of the appellee to dismiss the appeal is in substance that he has no capacity to stand in judgment because of lack of interest.
We are sure counsel for appellant did not know that Wheeler had superseded Knox as liquidator and receiver of the insurance company when he filed in the record the exemplified copies of the statute, the appointment of Knox and the other accompanying documents showing the appointment of Knox and his qualifying as receiver and asking for judgment to be rendered in his favor as receiver. At the time the judgment was rendered Knox had no authority to bind the insolvent insurance company and its property or to assert any claim it had but the insolvent insurance company could only be represented by Wheeler, who, at the time the judgment was rendered and also at the time the appeal was perfected, was the proper representative to appeal for the corporation. Wheeler made no appearance before the judgment was rendered and signed. His first appearance in the case was when he signed the devolutive appeal bond. The question is does his signing the appeal bond have retroactive operation to make the judgment binding on him as receiver.
“Appearance in court does not mean personal appearance, but it means appearance by having filed an exception or answer or other pleading.” Aycock v. Miller, La.App., 18 So.2d 335, 337.
“Attachment bond held sufficient voluntary appearance by non-resident company to justify personal judgment against it.” Standard Oil Company v. Sugar Products Company, 160 La. 763, 107 So. 566, 567.
If Wheeler was a necessary party to the-suit before the judgment was rendered then the judgment should be reversed and the case remanded to the district court so Wheeler can make a formal appearance. If the suit could be carried on in the name of Knox as receiver after he had resigned and Wheeler could take and perfect the appeal then the case is properly before us.
Under the law of this state a corporation in Receivership cannot act in its corporate capacity independently of the receiver. In the case of J. B. Beaird Corp. v. Johnson, La.App., 152 So. 789, 790, the-court stated:
“It is true that when a corporation is placed in receivership its officers, as such cease to have authority to act for it. Its administration belongs to the court which acts through agents called receivers. * * * ” See also In re Associated Oil Co., D.C., 271 F. 788; In re Hammond Motors Co., Inc., D.C., 13 F.2d 901.
Our jurisprudence recognizes a dis--tinction as to whether suit by or against a corporation in receivership or liquidation must be brought in the name of the receiver or the corporation, but there is no doubt that in either case the receiver or liquidator must act for the corporation. This principle of law is found in the case of Tangipahoa Bank & Trust Co. v. Guwang, La.App., 15 So.2d 148, in which the court held:
“The rule is that where the appointment of a receiver or liquidator of an insolvent corporation has the effect of dissolving the corporation as a legal *47 entity and investing the receiver or liquidator with title to its property and the loss of the charter of the corporation, suits by or against the corporation must be brought by or against the receiver or liquidator in his npme and in his official capacity. But where the receivership or liquidation does not destroy the corporate capacity of the corporation, the suit may be brought in the name of the corporation, represented by the receiver or liquidator in his official capacity.”
The jurisprudence of Louisiana conforms to the Federal jurisprudence on the subj ect.
Perhaps the leading case and the one most often cited on the point is that of Porter v. Sabin, 149 U.S. 473, 13 S.Ct. 1008, 1010, 37 L.Ed. 815. In that case the State Court had refused to permit its receiver to bring a suit against certain stockholders and others, whereupon, certain other stockholders, for the benefit of all concerned, brought the suit, and the Supreme Court held that the right to enforce the cause of action was vested in the receiver and that he was the proper party to bring the suit.
“The reasons are yet stronger for not allowing a suit against a receiver appointed by a state court to be maintained, or the administration by that court of the estate in the receiver’s hands to be interfered with, by a court of the United States, deriving its authority from another government, though exercising jurisdiction over the same territory. The whole property of the corporation within the jurisdiction of the court which appointed the receiver, including all its rights of action, except so far as already lawfully disposed of under orders of that court, remains in its custody, to be administered and distributed by it. Until the administration of the estate has been completed, and the receivership terminated, no court of the one government can, by collateral suit, assume to deal with rights of property or of action constituting part of the estate within the exclusive jurisdiction and control of the courts of the other. * * * Williams v. Benedict, 8 How. 107 [12 L.Ed. 1007]; Pulliam v. Osborne, 17 How. 471, 475 [15 L.Ed. 154]; People’s Bank v. Calhoun, 102 U.S. 256 [26 L.Ed. 101]; Heidritter v. Elizabeth Oil-Cloth Co., 112 U.S. 294, 5 S.Ct. 135 [28 L.Ed. 729]; Ex parte Tyler, [149 U.S. 164], 13 S.Ct. 785 [37 L.Ed. 689].”
In regard to receivers of foreign corporation, it is stated in 20 C.J.S., Corporations, § 1888, page 110, under a heading dealing with the rights, powers, duties and liabilities of such receivers, that “The receiver has power to institute such actions as may be necessary to recover assets within the state, and to enforce such obligations of persons over whom jurisdiction can be obtained which the corporation or the creditors might have maintained.” See also Fletcher Cyclopedia Corporations, Permanent Edition, 1942 Revised Volume, Section 7796.
Citing the Porter-Sabin case and Klein v. Peter, 8 Cir., 284 F. 797, 29 A.L.R. 1497, the Seventh Circuit Court of Appeals in In re Chicago, R. I. & P. Ry. Co. (Meyer v. Fleming), 149 F.2d 529, 531, held that
“When the corporation becomes insolvent and a receiver of all of its estate and effects is appointed by a court of competent jurisdiction, the right to enforce a cause of action and all the rights of property of the corporation vests in the receiver, and he is the proper party to bring the suit.”
The Court said further:
“Upon the appointment and qualification of the receiver, the estate of the insolvent corporation including all its rights of action, pass into the custody of the law, and its administration is wholly under the control of the court by its receiver, Atlantic Trust Co. v. Chapman, 208 U.S. 360, 28 S.Ct. 406, 52 L.Ed. 528, 13 Ann.Cas. 1155, and he and he alone (in this case, the trustee) *48 is the proper party to maintain suits for the recovery of any money due to the corporation.”
A court has to take notice of the total want of legal right in a suitor in relation to matters in litigation and they have this right at any stage of the proceeding even on appeal. Wiseman v. Begnaud, La.App., 35 So.2d 836.
J. D. Wheeler, liquidator and receiver of the Texas Mutual Insurance Company, not being a party to this suit at the time it was tried and judgment rendered, and the judgment rendered being against the corporation which had no legal capacity to stand in judgment, the judgment will be annulled, avoided and reversed, and this case remanded to the district court and re-instated on its docket so the receiver, J. D. Wheeler, can make a formal appearance, and for such other proceedings as the district court is authorized to conduct according to law in the case.
And it is so ordered.

. Now V.A.T.S. Insurance Code, art. 21.28.