DIXON, Judge.
This is a suit on a note. After judgment for the plaintiff, the defendant appealed; plaintiff answers the appeal complaining of certain compensation or set-off allowed by the District Court.
Defendant-appellant has neither appeared nor filed brief prior to date fixed for submission of this case, and the appeal will be dismissed in accordance with Section 5(b) of Rule VII of the Uniform Rules, Courts of Appeal.
Defendant admitted the execution of the note and the existence of the principal obligation.[1] In defense, he pleaded that he had rendered certain legal services to the plaintiff and that the plaintiff was indebted to him in the amount of $200. The trial judge rendered judgment in favor of the plaintiff for the face amount of the note, but allowed a set-off in the amount of $75.
The only witnesses who testified were C. E. Valentine and the defendant, R. Harmon Drew. Mr. Valentine denied that he owed the defendant any money for services. The defendant testified that he had been consulted by Mr. Valentine concerning the value of certain certificates in an investment syndicate, concerning the settlement of a windstorm claim against an insurance company, and concerning damages for an eye injury.
This suit was filed October 11, 1967. The note was dated March 1, 1967. Trial was held on June 14, 1968, and judgment was rendered immediately thereafter. The windstorm that had been the subject of *258 some discussion between Mr. Valentine and Mr. Drew occurred in 1965. The eye injury referred to occurred about September 1, 1964. Although the defendant maintained a record of the plaintiff’s visits to him, that record had been lost when defendant’s office was ransacked. The defendant testified that he never sent a bill to the plaintiff, and never demanded payment.
Mr. Drew testified that he didn’t “think Mr. Valentine ever believed there were any charges due. * * * ” Mr. Drew said that he “figured we would eventually get the thing settled up.” In his relationship with Mr. Valentine, Mr. Drew admitted that he did not at any time write any letters or make any demand or take any formal steps on behalf of Mr. Valentine.
There is no doubt that a lawyer’s time and advice are worth money. In this case, however, it appears that the defendant, like so many lawyers on so many occasions, gave his advice, not as a practicing lawyer, but as a friend engaged in a service for which there was intended no compensation. The defendant’s relationship with the plaintiff in this case could not help but leave the impression with the plaintiff that the defendant’s advice was gratuitous. There was never any suggestion in the years that passed during the relationship between these persons that Mr. Drew expected Mr. Valentine to pay for advice which seemed at the time to be casual and informal. There is no indication that there was any understanding with the plaintiff, nor practice of which the plaintiff should have been aware, that the defendant charged a consultation fee on such occasions.
Therefore, defendant’s appeal is dismissed, plaintiff’s answer to the appeal is sustained, and there is judgment herein amending the judgment of the District Court:
It is Ordered, Adjudged and Decreed that there be judgment herein in favor of plaintiff, C. E. Valentine, and against the defendant, R. Harmon Drew, for the full sum of $600, together with 8% per annum interest on said amount from September 1, 1967 until paid, and for 10,% of said amount as attorney’s fees, and for all costs of these proceedings, rejecting the demands of the defendant in compensation and set-off.
PER CURIAM.
On application for rehearing the defendant observes that this court has “rightly dismissed defendant’s appeal” because the appellant’s brief was not timely filed. However, the defendant complained that the appellee, who has become an appellant by virtue of an answer to the appeal, also missed the deadline for filing his brief; the appellee’s brief supporting his contentions made in the answer to the appeal was filed the day the case was fixed for argument.
Rule VII of the Uniform Rules of the Courts of Appeal in Section 5(b) provides that:
“The court may, ex proprio motu; * * * (b) consider abandoned and dismiss the appeal in any case in which the appellant has neither appeared nor filed brief prior to the date fixed for submission of the case * *
The phrase “in which the appellant has neither appeared” refers not to a physical presence of a party or his attorney, but refers to a pleading. (See Aycock v. Miller, 18 So.2d 335, 337 [1944]; Texas Mutual Insurance Co. v. States, La.App., 77 So.2d 43 [1954]).
The Code of Civil Procedure does not define “appearance” with reference to appellate procedure. However, Article 7 of the Code of Civil Procedure refers to an “appearance” when a party, through a pleading, seeks relief, with enumerated exceptions. The answer of an appeal is a pleading in which the appellee states the relief he demands. C.C.P. Art. 2133. An answer to an appeal is such an appearance *259 as contemplated by Rule VII, Section 5(b) of the Uniform Rules of the Courts of Appeal.
Defendant-appellant only complained of the failure of the district court to grant him the full amount claimed as compensation and set-off. It was this claim for compensation and set-off alone which has been examined as a result of appellee’s answer to the appeal.
The rehearing is denied.
BOLIN, J., dissents from the refusal to grant the rehearing.

. Suit was brought in the name of Mrs. C. E. Valentine, to whom the note was made payable. A supplemental petition admitted that the note was made payable to Mrs. Valentine as a matter of convenience, and was community property. Mr. O. E. Valentine was joined as a plaintiff.