837 So.2d 137 (2002)
Rodney REVERE
v.
Rodney STRAIN, Sheriff, St. Tammany Parish and Individually.
No. 2002 CA 0254.
Court of Appeal of Louisiana, First Circuit.
December 31, 2002.
Rodney Revere, Angola, pro se, Plaintiff-Appellant.
*138 Margaret H. Kern, Covington, for Defendant-Appellee Rodney Strain, Sheriff, St. Tammany Parish.
Before: FOIL, FOGG, and KLINE,[1] JJ.
FOGG, J.
By this appeal, a prisoner seeking production of certain public records challenges the sustaining of the defendant's peremptory exception raising the objections of no cause and no right of action. For the following reasons, we vacate the judgment of the trial court and remand this matter for further proceedings.
The record establishes that on July 27, 2001, Rodney Revere, an inmate at the Louisiana State Prison at Angola, filed a public records request with the St. Tammany Parish Sheriff's Office. Mr. Revere sought the employment and disciplinary file of an employee of the Sheriff's Office. The Sheriff's Office refused to provide the records, and Mr. Revere filed suit. The Sheriff's Office subsequently filed a peremptory exception raising the objections of no cause and no right of action.
On December 10, 2001, a hearing was held before Judge Patricia T. Hedges. At the conclusion of the hearing, the trial judge orally sustained the defendant's exception. However, on December 17, 2001, Judge Hedges signed an order recusing herself from this matter, "[i]n order to avoid the appearance of any impropriety or bias."
On December 19, 2001, Judge Hedges signed a judgment sustaining the defendant's exception and dismissing Mr. Revere's petition. From this judgment, Mr. Revere appeals.
LSA-C.C.P. art. 152 provides that a judge may recuse herself in any cause in which a ground for recusation exists. Until a judge has recused herself, she has full power and authority to act in the cause. However, the power and authority for her to act as judge in a particular case for any and all reasons ceases at the moment of recusal. See Acadian Heritage Realty v. City of Lafayette, 425 So.2d 388 (La.App. 3 Cir.1982). Our Supreme Court, in State v. Price, 274 So.2d 194, 197 (La.1973), stated,
It has long been recognized in our civil procedure that once a judge is recused, or a motion for his recusal has been filed, he has no power to act (except to appoint the proper person to sit ad hoc when the law provides for such an appointment). Any action taken by a recused judge is an absolute nullity. State v. Judge of Twenty-First Judicial District, 37 La.Ann. 253 (1885); State v. Judge of Twenty-Second Judicial District Court, 39 La.Ann. 994, 3 So. 91 (1887); Jones v. Cunningham, 157 La. 208, 102 So. 309 (1924); State v. Savoy, 207 La. 982, 22 So.2d 402 (1945).
After Judge Hedges' recusal in this matter, her power to act was limited and did not include the authority to sign a judgment. Therefore, we vacate the judgment of the trial court and remand this matter for further proceedings. Assessment of costs shall await final disposition of this matter.
VACATED AND REMANDED.
NOTES
[1] Retired Judge William F. Kline, Jr. is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.