GAIDRY, J.
lain this divorce case, the wife appeals a judgment confirming a default judgment taken against her by the husband. Finding that the default judgment is an absolutely nullity, we vacate that judgment.
FACTS AND PROCEDURAL HISTORY
Eric Keller filed a petition for divorce on August 23, 2005. In his petition for divorce, Eric requested a revocation of a donation to his wife, Dawn Keller, on the grounds of ingratitude. Judge Mary Dev-ereux, to whom the case was originally allotted, filed an order recusing herself due to a conflict on September 17, 2009. Eric sought a preliminary default on his claim to revoke the donation on June 10, 2010. According to the minutes of the court, on June 14, 2010, the motion for preliminary default was presented to Judge Devereux, who ordered entry of same. On December 14, 2010, Judge Dawn Amacker signed a judgment confirming the preliminary default.
Dawn has appealed from the default judgment revoking the donation for ingratitude, asserting among other things that the default judgment was absolutely null because the preliminary default was entered by Judge Mary Devereux, who had previously recused herself from the case. Eric responded in brief that a preliminary default consists of merely an entry in the minutes, and this entry was made by the clerk and not the judge, so it was immaterial that the judge had already been re-cused. We disagree.
Louisiana Code of Civil Procedure article 1701(A) provides that a preliminary default “may be obtained by oral motion in open court or by written motion mailed to the court, either of which shall be entered in the minutes of the court, but the judgment shall consist merely of an entry in the minutes.” As the Louisiana Supreme Court explained in Jones v. Cunningham, 157 La. 208, 102 So. 309, 310 (1924), a preliminary default is granted by “a judge authorized to preside over the tribunal, and empowered to hear and determine the issues between the parties.” Id. A re-cused judge lacks such authority or power. When the orders of recusation are entered, the judge is stripped of all authority and power, including the power to grant a preliminary default, which is one of the steps provided by law in the hearing and determining of causes between litigants. Id.
Louisiana Code of Civil Procedure article 2002 provides that a final judgment shall be annulled if it is rendered against a defendant against whom a valid judgment by default has not been taken. Since *784 there was no valid preliminary default, the default judgment granted by the court in this case was an absolute nullity and must be vacated.
DECREE
The December 14, 2010 default judgment revoking all donations from Eric Keller to Dawn Keller is an absolute nullity and is hereby vacated. Costs of this appeal are assessed to Eric Keller,
JUDGMENT VACATED