CHANDRA MARTS

VERSUS

ABDUL KHAN, M.D.

C/W

CHANDRA MARTS

VERSUS

DR. ABDUL KHAN AND OCEANS
BEHAVIORAL HOSPITAL OF GREATER NEW
ORLEANS, LLC

NO. 22-C-20
C/W
22-C-46

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 814-697, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

June 15, 2022

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**VACATED AND REMANDED**
 **FHW**
 **SMC**
 **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
ABDUL KHAN, M.D.
    Guice A. Giambrone, III
    A. Rebecca Wilmore

COUNSEL FOR PLAINTIFF/RESPONDENT,
CHANDRA MARTS
    Anthony P. Lewis

COUNSEL FOR DEFENDANT/RESPONDENT,
OCEANS BEHAVIORAL HOSPITAL
    Keith C. Armstrong
    Zachary S. Miller

**WICKER, J.**

Relators-defendants, Oceans Behavioral Hospital of Greater New Orleans and Abdul Khan, M.D., seek this Court's supervisory review of the district court's January 24, 2022 judgment overruling their Peremptory Exceptions of Prescription, contending that respondent-plaintiff, Chandra Marts' personal injury claims prescribed pursuant to La. R.S. 9:5628. After review, we find that the trial judge had recused himself from this case prior to rendering the judgment, and therefore the judgment is vacated and this case is remanded to the district court for consideration of the exceptions by the judge to whom the case was allotted post-recusation.

These consolidated writ applications arise out of a judgment of January 24, 2022 signed by the trial court judge following a hearing on relators' exceptions of prescription relating to respondent's November 27, 2020 Request to the Division of Administration of the Compensation Fund for the State of Louisiana that a Medical Review Panel be formed to review the medical care and treatment provided to Ms. Marts by relators.

A hearing was held on December 13, 2021 during which relators argued that Ms. Marts' alleged medical malpractice claims were prescribed, on their face, because the request was filed more than one year after both the dates of the alleged act and the dates of the discovery under La. R.S. 9:5628, specifically the request lists the dates of malpractice as September 29, 2019 and October 18, 2019 and the dates of discovery as November 14, 2019, February 7, 2020, and March 6, 2020. The trial court overruled the exceptions at the hearing.

After a request for reasons for judgment, but prior to the signing of the judgment, the trial court recused itself due to knowledge of "intimate and sensitive family information" about one of the parties learned from testimony in another matter before the court. Therefore, after finding "knowledge of this information

may interfere with its ability to preside impartially in this matter," the trial court recused itself in its Reasons for Judgment on January 10, 2022.

On January 24, 2022, however, the trial court signed the judgment on the peremptory exceptions of prescription. Louisiana case law states that "the power and authority […] to act as judge in a particular case for any and all reasons ceases at the moment of recusal." *Revere v. Strain*, 02-0254 (La. App. 1 Cir. 12/31/02), 837 So.2d 137, 138; *Acadian Heritage Realty v. City of Lafayette*, 425 So.2d 388 (La. App. 3 Cir. 1982). Once a judge is recused, "he has no power to act…[and a]ny action taken by a recused judgment is an absolute nullity." *State v. Price*, 274 So.2d 194, 197 (La. 1973). In *Revere v. Strain*, *supra*, the trial judge orally sustained the exception of no cause of action at the conclusion of a hearing, and later recued herself. Similar to the current case, the trial judge later signed the judgment sustaining the exception. *Id.* at 138. The First Circuit found that the judge's power to act did not include the authority to sign a judgment. *Id.*

Therefore, we find that the trial judge did not have the authority to sign the judgment which is complained of in these consolidated writ applications. As the judgment is an absolute nullity, we vacate the judgment and remand this case to the district court for consideration of relators' exceptions of prescription by the judge to whom the case was allotted after the trial judge's recusal.

**VACATED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 15, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 22-C-20
### C/W 22-C-46

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
HONORABLE R. CHRISTOPHER COX, III (DISTRICT JUDGE)
A. REBECCA WILMORE (RELATOR)          GUICE A. GIAMBRONE, III (RELATOR)          ANTHONY P. LEWIS (RESPONDENT)
ZACHARY S. MILLER (RESPONDENT)

**MAILED**
KEITH C. ARMSTRONG (RESPONDENT)
ATTORNEY AT LAW
8550 UNITED PLAZA BOULEVARD
SUITE 103
BATON ROUGE, LA 70809