| | | |
|---|---|---|
| SPRINGWOOD HOMEOWNER'S ASSOCIATION, INC. | * | NO. 2024-CA-0202 |
| | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| MICHELLE GUTHERIE-BROWN | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 68-401, DIVISION "B"
Honorable Michael D. Clement
\* \* \* \* \* \*
**Judge Joy Cossich Lobrano**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Dale N. Atkins)

George R. Ketry, Jr.
KETRY LAW FIRM LLC
19524 Highway 36
Covington, LA 70433

    COUNSEL FOR DEFENDANT/APPELLANT

                    **VACATED AND REMANDED**

                    **NOVEMBER 19, 2024**

*JCL*

*DLD*

*DNA*

This is an appeal from a default judgment rendered in an action to collect unpaid homeowner's association assessments and late fees. Defendant/appellant, Michelle Gutherie-Brown ("Gutherie-Brown"), appeals the October 26, 2023 default judgment of the district court in favor of plaintiff/appellee, Springwood Homeowner's Association, Inc. ("Springwood"). For the reasons that follow, we vacate the default judgment and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On September 5, 2023, Springwood filed a Petition for Delinquent Assessments alleging that Gutherie-Brown is indebted to Springwood in the amount of $8,573.50 for homeowner's association dues and late fees accrued as of April 2, 2023, together with unpaid assessments accrued thereafter, interest, reasonable attorney's fees, and costs. The petition alleges that Gutherie-Brown owns property located in Plaquemines Parish that is subject to Springwood's Covenants, Building Restrictions, By-Laws, and Declarations, which provide for yearly homeowner's dues, late fees, reasonable attorney's fees, and all costs of

1

collection, plus interest at the maximum legal rate from the date each assessment is due and payable until paid. According to the petition, yearly assessments are currently $350.00, and a late fee of $25.00 is charged if the assessment is not paid monthly. The petition states that Springwood filed a lien in the records of Plaquemines Parish and requests that the lien be recognized as valid by the district court.

On October 23, 2023, Springwood filed in the district court a "LA CCP 1702 Certification" stating that Gutherie-Brown was personally served with the petition on September 8, 2023, and that since that time more than 15 days passed and Gutherie-Brown failed to answer the petition or make any appearance. The Certification also states that on October 11, 2023, counsel for Springwood provided notice to Gutherie-Brown by regular mail and certified mail that Springwood intended to obtain a default judgment. According to the Certification, Springwood argues that it will be able to prove the following:

1. Springwood filed a lien affidavit against Gutherie-Brown in the amount of $6,823.95 for delinquent dues;

2. as of April 1, 2023, Gutherie-Brown owed $8,573.50 to Springwood for unpaid dues and late fees;

3. on June 8, 2023, Springwood's attorney sent Gutherie-Brown correspondence requesting payment;

4. on August 30, 2023, Springwood filed a second lien affidavit in the amount of $8,473.50 for unpaid dues and late fees; and

5. on August 30, 2023, a Notice of Filing Suit was filed against Gutherie-Brown.

Attached to the Certification, Springwood filed the following exhibits into the record:

1. notice of service of the petition, showing personal service on Gutherie-Brown on September 8, 2023;

2. October 11, 2023 correspondence from Springwood's attorney to Gutherie-Brown stating that Springwood intends to obtain a default judgment;

3. lien affidavit of Mike Perreira, as treasurer of Springwood, notarized on September 28, 2018, in the amount of $6,823.95, as of September 19, 2018, assessed against "Michelle Guthrie Brown" and "Robin Guthrie Brown";

4. "Account History" of "Springwood Estates HOA" stating a balance due of $8,573.50 in dues and late fees from 2014 to April 1, 2023;

5. June 8, 2023 correspondence from Springwood's attorney to Gutherie-Brown seeking payment of $8,573.50 within thirty days;

6. lien affidavit of Natasha Roberts, as treasurer of Springwood, notarized on August 29, 2023, in the amount of $8,473.50, as of April 2, 2023, assessed against "Michelle Gutherie Brown" and "Robin Gutherie Brown," accompanied by Plaquemines Parish Recording Page filed for registry on August 30, 2023; and

7. Notice of Filing Suit accompanied by Plaquemines Parish Recording Page filed for registry on August 30, 2023.

The minutes of the district court indicate that on October 26, 2023, the district court considered the matter "on motion" of Springwood's attorney. No transcript of the proceeding was taken, and the record does not reflect that Springwood appeared in open court in support of a request for default judgment. On October 26, 2023, the district court rendered a default judgment in favor of Springwood and against Gutherie-Brown in the amount of $8,573.50, together with legal interest from the date each assessment was due until paid, plus attorney's fees of $2,829.26 or 33 1/3% percent of the principal, whichever is greater, and all costs

of collection, together with legal interest on said attorney's fees and costs from the date of judgment until paid.

On December 24, 2023, Gutherie-Brown filed a motion for devolutive appeal, and the district court signed the order granting the devolutive appeal on December 28, 2023.

Thereafter, the district court minutes reflect that on March 7, 2024, Springwood and Gutherie-Brown appeared in court on a motion for examination of the judgment debtor. The court held a pretrial conference, and Gutherie-Brown requested that the district court judge recuse himself. On March 12, 2024, the district court judge rendered an order recusing himself, stating that he resides in Springwood and is a member of the homeowner's association.

## LAW AND ANALYSIS

On appeal, Gutherie-Brown raises two assignments of error, arguing that the district court erred in the following respects:

1. "when it did not immediately recuse itself following the allotment of this case"; and

2. "when it granted a default judgment that did not [conform] to the law based on a La. C.C.P. Art. 1702 Certification that was in error."[1]

**Recusal**

In first addressing recusal, we cannot discern any remedy available to Gutherie-Brown. Even though the district court judge did not recuse himself before entering the default judgment, Louisiana law sets forth no provision invalidating

---

[1] Springwood did not file a brief or otherwise take any action in opposition to this appeal.

his judicial actions before he entered the order of recusal. Instead, "the power and authority [...] to act as judge in a particular case for any and all reasons ceases at the moment of recusal." *Marts v. Khan*, 22-20, p. 2 (La. App. 5 Cir. 6/15/22), 344 So.3d 224, 225 (quoting *Revere v. Strain*, 02-0254, p. 2 (La. App. 1 Cir. 12/31/02), 837 So.2d 137, 138; *Acadian Heritage Realty v. City of Lafayette*, 425 So.2d 388, 391 (La. App. 3d Cir. 1982)). "Any action taken by a recused judge is an absolute nullity." *Tatum v. Orleans Par. Sch. Bd.*, 04-1190, p. 3 (La. App. 4 Cir. 1/26/05), 894 So.2d 1180, 1181 (quoting *State v. Price*, 274 So.2d 194, 197 (La. 1973)).

Former La. C.C.P. art. 153 (2020) explicitly provided that "[u]ntil a judge has recused himself, or a motion for his recusation has been filed, he has full power and authority to act in the cause." In 2021, the Louisiana legislature renumbered and amended La. C.C.P. arts. 151 *et seq.* to revise the procedure for recusal of judges, and the language of former Article 153 was not maintained. Notably, however, a similar provision remains in the Code of Criminal Procedure. Under La. C.Cr.P. art. 673, "[a] judge has full power and authority to act, even though a ground for recusal exists, until he is recused, or a motion for his recusal is filed." Gutherie-Brown cites to no authority, and we find none, that provides any recourse for the district court judge's entry of the default judgment before his recusal. We, thus, find no merit in this assignment.

5

**Default Judgment**

Turning to the merits of the default judgment, however, we find that the district court erred in finding that Springwood established a prima facie case, and satisfied the procedural requirements, entitling it to a default judgment. "In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment." *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 5 (La. 5/5/09), 9 So.3d 815, 818. "This determination is a factual one governed by the manifest error standard of review." *Id.* We, therefore, review the default judgment "to determine whether the trial court's 'finding of fact ... is clearly wrong in light of the record reviewed in its entirety.' " *Sarasota, CCM, Inc. v. Supreme Quality Transp., LLC*, 23-0658, p. 4 (La. App. 4 Cir. 3/6/24), 385 So.3d 307, 311 (quoting *Payphone Connection Plus, Inc. v. Wagners Chef, LLC*, 19-0181, p. 7 (La. App. 4 Cir. 7/31/19), 276 So.3d 589, 594)(other citations omitted).

**Procedural Requirements**

After service of citation upon a defendant, the defendant must file his answer within twenty-one days; if the plaintiff files and serves discovery requests with the petition, the defendant must file his answer within thirty days of service of the citation and discovery requests. La. C.C.P. art. 1001(A). Nevertheless, "the defendant may file his answer or other pleading at any time prior to the signing of a default judgment against him." La. C.C.P. art. 1002.

The procedural requirements for a plaintiff to obtain a default judgment are contained in La. C.C.P. art. 1702.[2] If a defendant in the principal or incidental demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered. La. C.C.P. art. 1702(A). "In those proceedings in which the sum due is on an open account or a promissory note, other negotiable instrument, or other conventional obligation, … a hearing in open court shall not be required unless the judge, in his discretion, directs that such a hearing be held." La. C.C.P. art. 1702(C). When a plaintiff seeks a default judgment without a hearing, La. C.C.P. art. 1702.1 imposes additional requirements.[3] The article requires that that the plaintiff:

> shall file a written request for default judgment containing a certification that the suit is on open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds, and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached, along with any proof required by law and a proposed default judgment. . . .

La. C.C.P. art. 1702.1(A). The certification "shall" include: (1) "the type of service made on the defendant and the date of service"; (2) "a certification by the clerk that the record was examined by the clerk, including therein the date of the

_____

[2] La. C.C.P. art. 1702 was amended by Acts 2023, No. 5, § 1; No. 7, § 1, effective August 1, 2023. A preliminary default is no longer required.

[3] The version of La. C.C.P. art. 1702.1 in effect during the relevant period was amended by Acts 2021, No. 174, § 1, and became effective January 1, 2022.

examination"; and (3) "a statement that no answer or other pleading has been filed within the time prescribed by law or by the court." La. C.C.P. art. 1702.1(B).

Gutherie-Brown argues that the district court erred in granting a default judgment based on a procedurally deficient "LA CCP 1702 Certification." In this respect, she identifies one specific issue: that the Certification states that "more than 15 days have passed, and Michelle Gutherie-Brown has failed to answer the petition or make any appearance whatsoever"; she argues that the current law permitted her 30 days after service to file an answer or other responsive pleadings. Considering that more than 30 days elapsed between service of the petition and Springwood's filing of the Certification and exhibits in support of the default judgment, we cannot say that the Certification's mere reference to 15 days, as opposed to 21 or 30 days, is by itself fatal to entry of the default judgment under these particular facts.[4]

Nevertheless, our review of the record reveals additional deficiencies, which preclude Springwood's entitlement to a default judgment under the particular record on appeal. These deficiencies implicate both (1) prima facie proof to support a default judgment and (2) requisite showing to obtain a default judgment without a hearing under La. C.C.P. art. 1702.1. This Court recently explained that "the certification under La. C.C.P. art. 1702.1 is separate from the prima facie proof needed to obtain a default judgment." *Convention Key Cards, LLC v. LMT Servs., LLC*, 23-0709, pp. 8-9 (La. App. 4 Cir. 12/11/23), 382 So.3d 1020, 1027,

---

[4] The record does not reflect that any discovery request was served with the petition to implicate a thirty-day delay to file the answer.

*opinion vacated and superseded on reh'g* (Jan. 22, 2024), *writ denied*, 24-00227 (La. 4/9/24), 382 So.3d 843.

Article 1702.1 provides the requirements for a plaintiff to obtain a default judgment, in certain types of cases, without the necessity of appearing for a hearing. Springwood filed a "LA CCP 1702 Certification" with exhibits, which the district court seemingly construed as a motion for default judgment and a certification under La. C.C.P. art. 1702.1, and, consequently, did not require a hearing. Under Article 1702.1, a plaintiff must file a certification detailing whether "the suit is on an open account, promissory note, or other negotiable instrument, on a conventional obligation, or on a check dishonored for nonsufficient funds. . . ." La. C.C.P. art 1702.1(A). While presumably a claim for delinquent homeowner's assessment arises from a contract or conventional obligation, *see, e.g., English Turn Prop. Owner's Ass'n, Inc. v. Short*, 16-0460, p. 8 (La. App. 4 Cir. 11/30/16), 204 So.3d 672, 679, the Certification at issue contains no statement to that effect and no contract is attached. Moreover, the plaintiff must include the "certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other pleading has been filed within the time prescribed by law or by the court." La. C.C.P. art 1702.1(B). No certification by the clerk attesting to an examination of the record is included. This Court holds that La. C.C.P. art. 1702.1 must be strictly construed, and that "the legislative use of the term 'shall' makes clear that a party moving for confirmation of default judgment must strictly comply with La. C.C.P. Art. 1702.1." *Ernest N.*

9

*Morial New Orleans Exhibition Hall Auth. v. New Limits New Limits, LLC*, 16-0706, p. 8 (La. App. 4 Cir. 4/5/17), 215 So.3d 974, 978.

**Prima Facie Case**

Moreover, the default judgment is deficient because Springwood failed to introduce the required prima facie evidence to prevail on its claim: Springwood's community documents. Under the Louisiana Homeowners Association Act,

> "Community documents" means the articles of incorporation, bylaws, plat, declarations, covenants, conditions, restrictions, rules and regulations, or other written instruments, including any amendment thereto, by which the association has the authority to exercise any of its powers to manage, maintain, or otherwise affect the association property or which otherwise govern the use of association property.

La. R.S. 9:1141.2(3).

According to Springwood's petition, Gutherie-Brown's property is subject to Springwood's Covenants, Building Restrictions, By-Laws, and Declarations, which Springwood alleges provide for the assessments, late fees, and other associated relief the petition seeks. Springwood seeks enforcement of the community documents, and its claims arise in contract. *See Short*, 16-0460, p. 8, 204 So.3d at 679; *Childers v. Laurel Lakes Ests. Homeowners' Ass'n, Inc.*, 22-0936, p. 10 (La. App. 1 Cir. 5/24/23), 368 So.3d 1123, 1130.[5]

---

[5] This Court equated assessments with building restrictions under La. R.S. 9:1141.5(B), which states that "building restrictions may include the imposition of an affirmative duty, including the affirmative duty to pay monthly or periodic dues or fees, or assessments for a particular expense or capital improvement, that are reasonable for the maintenance, improvement, or safety, or any combination thereof, of the planned community." *Short*, 16-0460, p. 8 n. 6, 204 So.3d at 679. The building restrictions are akin to a contract among the property owners and the developer. *Id.* (citing *Bordelon v. Homeowners Ass'n of Lake Ramsey, Inc.*, 04-1115, p. 8 (La. App. 1 Cir. 5/6/05), 916 So.2d 179, 183; *Country Club of Louisiana Prop. Owners Ass'n, Inc. v. Dornier*, 96-0898, p. 9 (La. App. 1 Cir. 2/14/97), 691 So.2d 142, 147).

"Our jurisprudence holds that when an obligation is based on a writing, prima facie proof of the obligation requires introduction of the writing into evidence." *Sarasota, CCM, Inc.*, 23-0658, p. 7, 385 So.3d at 313 (quoting *Arias*, 08-1111, p. 10, 9 So.3d at 822). In setting aside a default judgment entered by a lower court, the Louisiana Supreme Court held that "a right is nothing without proof of the juridical act or material fact which it has as its origin." *Arias*, 08-1111, p. 10, 9 So.3d at 822 (quoting *Ascension Builders, Inc. v. Jumonville*, 262 La. 519, 529, 263 So.2d 875, 878 (1972)). As the Supreme Court explained, "a plaintiff who knows of a writing which is the principal basis for his claims must produce it when it is the best evidence of the facts at issue." *Id.*

"The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." *Sarasota, CCM, Inc.*, 23-0658, p. 7, 385 So.3d at 313 (quoting *Arias*, 08-1111, p. 7, 9 So.3d at 820). The evidence introduced to support the default judgment was not sufficient to establish a prima facie case of indebtedness to Springwood for outstanding assessments, late fees, interest, attorney's fees, or costs, in the absence of the admission of the community documents setting forth any contractual basis that any of these amounts are owed. While Springwood came forward with affidavits of its lien at two points in the past, along with partially itemized statements of account, these are not the best evidence of the writing at issue, particularly where they do not show the basis for the underlying obligation to pay assessments or accrual of late fees, interest, attorney's fees, or costs. Rather,

the community documents are the principal source for the assertion of Springwood's claims against Gutherie-Brown. In failing to introduce the community documents, Springwood did not establish a prima facie case entitling it to a default judgment. The default judgment must be vacated.

## CONCLUSION

Accordingly, for the reasons set forth in this opinion, we vacate the default judgment entered by the district court, and we remand this matter for further proceedings.

**VACATED AND REMANDED**