274 So.2d 194 (1973)
STATE of Louisiana
v.
O. E. PRICE and Louis H. Padgett, Jr.
No. 52998.
Supreme Court of Louisiana.
February 19, 1973.
Rehearing Denied March 26, 1973.
*195 Cook, Clark, Egan, Yancey & King, Sidney E. Cook, Shreveport, Kitchens, Benton & Kitchens, John B. Benton, Minden, Booth, Lockard, Jack, Pleasant & LeSage, Henry A. Politz, H. F. Sockrider, Jr., Troy E. Bain, Shreveport, for defendants-appellees.
William J. Guste, Jr., Atty. Gen., Charles A. Marvin, Dist. Atty., Henry N. Brown, Jr., Asst. Dist. Atty., for plaintiff-appellant.
BARHAM, Justice.
The defendants were indicted by the Bossier Parish Grand Jury for the crime of perjury in connection with testimony given by them before the grand jury. The *196 cases were consolidated for trial, and numerous pre-trial motions were filed by each defendant, including motions to quash the indictments. A hearing was set for September 18, 1972. Six days before the hearing, on September 12, Judge Enos C. McClendon, Jr., and Judge Monty M. Wyche, the two judges of the Twenty-sixth Judicial District Court for Bossier Parish, recused themselves from the cases. Judge David T. Caldwell was appointed judge ad hoc. At the September 18 hearing the motions to quash were sustained and the cases dismissed. No bills of exceptions were reserved to the rulings. The State has appealed from those rulings.[1]
A motion to dismiss the appeal has been filed by the defendants. It is urged that an order for an extension of the return date and the time for filing bills of exceptions which was signed by Judge McClendon after his recusal was null and void. It is argued that since the appeal record was not lodged in this court until after the return date had elapsed on the original order for appeal, the appeal cannot be considered and must be dismissed.
The original order for appeal by the State made the appeal returnable to the Supreme Court of Louisiana on October 31, 1972. On October 27, Judge McClendon, the recused judge, signed the order extending the return date "for filing Assignments of Error and Bills of Exceptions" to November 31 (although there are only 30 days in November). Then, on November 9, after expiration of the original return date but before the extended return date, Judge Caldwell, judge ad hoc, issued another order. That order stated that Judge Caldwell was of the opinion that the local district court judge (Judge McClendon) would have more information than he would as to whether the return date should be extended, but that since Judge McClendon's order was not in accordance with his understanding, he was issuing a new order. That portion of Judge McClendon's order which extended the time for filing assignments of error and bills of exceptions was annulled and set aside, and that portion which extended the return date for the appeal was to remain in effect with November 31 changed to December 1. No bills of exceptions were perfected during this time, and the record was filed in this court on November 30 without bills of exceptions.
It is well settled in our law that in criminal and civil cases the appeal will not be considered if it is not timely filed and if that failure is not the fault of the clerk but is due to some error or omission on the part of the appellant. See State v. Saucier, 133 La. 496, 63 So. 602 (1913). It necessarily follows that when an extension of the return date is obtained by the appellant which is contrary to the provisions of the law, it is without effect. In such a case the filing of the appellate record during the period provided in the extension would be to no avail.
The order issued by Judge Caldwell on November 9 cannot be considered to extend the return date given in the original appeal order, which expired on October 31. See Louisiana Power & Light Company v. Lasseigne, 255 La. 579, 232 So.2d 278 (1970), and Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62 (1961), which recognized that a district court loses jurisdiction to extend a return date after the expiration of the return date last set. Although these are civil cases, the rationale is equally applicable to criminal cases. Thus, if the extension by Judge McClendon is null and void, then this appeal must be dismissed.
Articles 916 and 919 of the Code of Criminal Procedure recognize the right of the "trial court" to extend the return date. Judge McClendon was a judge of *197 that "trial court", but he had been recused "in the case". The power and authority for him to act as judge in this particular case for any and all reasons ceased at the moment of recusal. Art. 673, C.Cr.P. With the appointment of Judge Caldwell as judge ad hoc, the power and authority to act in this case vested in Judge Caldwell. Art. 676.
These provisions of the Code of Criminal Procedure are based upon similar provisions in the Code of Civil Procedure, and interpretation of the latter provisions is pertinent here. It has long been recognized in our civil procedure that once a judge is recused, or a motion for his recusal has been filed, he has no power to act (except to appoint the proper person to sit ad hoc when the law provides for such an appointment). Any action taken by a recused judge is an absolute nullity. State v. Judge of Twenty-First Judicial District, 37 La.Ann. 253 (1885); State v. Judge of Twenty-Second Judicial District Court, 39 La.Ann. 994, 3 So. 91 (1887); Jones v. Cunningham, 157 La. 208, 102 So. 309 (1924); State v. Savoy, 207 La. 982, 22 So.2d 402 (1945).
In considering the particular action taken by a recused judge, our courts have made no distinction between ministerial and judicial acts. We have determined that no action may be performed by the recused judge. Jones v. Cunningham, supra; State v. Savoy, supra. The theory of recusation is based upon public policy, for it is applied not only for the protection of the litigants but generally to see that justice is done by an impartial court. It is, therefore, for the sake of appearance to the general public as well as protection against the acts themselves that a judge be prohibited from any activity in a case in which he has been recused. Furthermore, since the extension of a return date requires the exercise of discretion or judgment, there can be no argument that this act was simply ministerial. The order of the judge ad hoc admits of the discretionary right of the extension of the return date of the appeal by the trial court.[2] Moreover, mandamus could not lie to compel extension of a return date although our law thoroughly protects by other procedures the right to a late lodging of an appeal where the tardiness in lodging the appeal is assessed against court personnel.
The motion to dismiss the appeal of the State must be granted under these circumstances since the appellate record in this court was not filed before the legal return date. The party appealing, the State, is directly responsible for this error since it did not attempt to obtain additional time in which to file assignments of error and bills of exceptions. It applied to a judge whom it had caused to be recused and who was without authority to act. Cf. State v. Ash, 257 La. 337, 242 So.2d 535 (1971).
The complaint of the State is to the sustaining of the motions to quash the indictments, yet the record shows that no bills of exceptions were reserved at the time of the court's rulings from which perfected bills of exceptions could be submitted. Art. 841. Assignments of error are not the proper means of seeking review in a criminal appeal. Art. 920. There are no bills of exceptions, and if we were to review the record as on appeal, we would be limited to errors discoverable by an inspection of the pleadings and proceedings. Art. 920. The evidence taken on the motion to quash (which of necessity must be considered in reviewing the rulings below) is not a part of this record. We find no *198 errors discoverable on the face of the pleadings and proceedings. If the appeal were considered timely filed, we would be required to affirm the rulings sustaining the motions to quash.
The appeal is dismissed.
TATE, DIXON and CALOGERO, JJ., concur in the affirmance on the ground that no bills of exceptions were reserved or perfected.
NOTES
[1] The State also applied for writs from the trial judge's rulings on the motions to quash, but the application was denied since there was a remedy by appeal. See No. 52849 on our docket, denied on October 9, 1972.
[2] Part of the order of Judge Caldwell attempting to extend the lapsed return date reads: "WHEREAS, subsequently thereto, the State of Louisiana, through the office of the District Attorney, requested of this Court an extension of the return date above referred to, and, as this Court was of the opinion that the local District Judge would have more information than this Judge as to whether the return date should be extended, and, this Judge having no objection thereto * * *." (Emphasis supplied.)