PARRO, J.
The defendant, Paul T. Clarke, was charged by bill of information with one count of criminal conspiracy to commit armed robbery, in violation of LSA-R.S. 14:26 and 64, and eight counts of armed robbery, in violation of LSA-R.S. 14:64. One of the armed robbery counts was later dismissed. The defendant pled not guilty and subsequently filed a motion to suppress his confession. The trial court granted the defendant’s motion to suppress.[1]
Later, the defendant informed the trial court that he wished to waive his right to a trial by jury. The trial judge advised the defendant of the rights he was waiving, accepted his waiver of a jury trial, and then, according to the minutes, recused herself. One week later, before the same judge, the defendant indicated he wished to withdraw his request to waive a jury trial. The trial judge granted the defendant’s motion seeking to rescind his waiver of his right to a trial by jury and then vacated her prior order recusing herself. The state objected to the trial judge’s vacating of her prior order recusing herself and filed this appeal.
FACTS
In granting the defendant’s motion to suppress his confession, the trial court recognized it had made determinations about the credibility of the defendant and some police officers. When the defendant later sought to waive his right to a jury trial, the trial court noted, “I will also advise you that because this court heard the motion to suppress and because this court made some credibility determinations based on that motion to suppress, the court does not feel that it should hear the trial on the merits. And if Mr. Clarke chooses to waive a jury, the court will recuse itself.” The trial court then further questioned the defendant regarding whether he was knowingly and voluntarily waiving his right to a jury trial and, satisfied with the defendant’s responses, allowed the defendant to waive his right to a jury trial. The court stated, “Then I will allow you to waive your right to a jury trial. This court will recuse itself and order that | ¡¡this matter be randomly sent to the clerk’s office for random allotment to another section of [the] court.”
The minutes from the foregoing hearing, held September 30, 2002, state:
*601 Counsel for the accused, advised the Court that the accused wished to waive his right to a jury trial. The Court advised the accused of his rights to a trial by jury. For oral reasons assigned, the Court recused itself from this matter and ordered that this matter be sent to criminal records for reallotment.
Another hearing was held a week later, on October 8, 2002. Defense counsel indicated the defendant wanted to withdraw his waiver of his right to a trial by jury. The trial court noted that it had been advised by defense counsel the day after the September 30th hearing that the defendant had a “change of heart,” so the trial court had not sent the case to be reallotted to another judge. The court noted:
The reason the court recused itself is because the court had ruled on a motion to suppress which involved the evaluation and credibility of the witnesses. And because Mr. Clark[e] was requesting that he have a bench trial, the court did not feel that under those circumstances this court should preside over the case because I’ve already made some credibility determinations. However, if there’s a jury trial, this court makes no credibility determinations. That is strictly up to the jury, and so it’s not necessary. Had Mr. Clark[e] not requested a bench trial, this court never would have recused itself from the matter. The only reason the court recused itself on its own prerogative ... was because Mr. Clark[e] was requesting that this court be the trier of fact.
The state then asked the trial court if it was seeking “on its own motion to rescind its recusal.” The trial court responded, in pertinent part:
Well, in any event I’m just simply saying that it may not need to be randomly reallotted in view of the fact — the only reason the court recused itself is because it was going to be a bench trial. I’ve already heard some of the evidence. I’ve already made some credibility determinations, and the court felt under those circumstances it should recuse itself and order the case randomly reallot-ted.
[[Image here]]
If the court is going to allow Mr. Clark[e] to reinstate his right to a jury trial, the court sees no reason to recuse itself, and I will vacate the order recus-ing myself, and I see no reason to allot it to another section to delay it even further.
[[Image here]]
I will allow Mr. Clark[e] to exercise his right to a jury trial, and the court will vacate its previous decision, if you will, recusing itself ....
L ANALYSIS
The state argues that regardless of whether the case was reassigned to another judge, once the trial court recused itself on its own motion, it was without authority to take any further action in the case, including any action to rescind the order of recusal. The defendant asserts that the trial court never, in fact, recused itself as evidenced by the transcript of the hearings and the lack of a signed recusal order in the record.
Under LSA-C.Cr.P. art. 672, “[a] judge may recuse himself, whether a motion for his recusation has been filed by a party or not, in any case in which a ground for recusation exists.” According to LSA-C.Cr.P. art. 673, a judge has full power and authority to act “until he is recused, or a motion for his recusation is filed.” (Emphasis added). In State v. Price, 274 *602 So.2d 194 (La.1973), the Louisiana Supreme Court observed:
[Louisiana Code of Criminal Procedure articles 673 and 676 are] based upon similar provisions in the Code of Civil Procedure, and interpretation of the latter provisions is pertinent here. It has long been recognized in our civil procedure that once a judge is recused ... he has no power to act (except to appoint the proper person to sit ad hoc when the law provides for such an appointment). Any action taken by a recused judge is an absolute nullity ....
In considering the particular action taken by a recused judge, our courts have made no distinction between ministerial and judicial acts. We have determined that no action may be performed by the recused judge. The theory of recusation is based upon public policy, for it is applied not only for the protection of the litigants but generally to see that justice is done by an impartial court. It is, therefore, for the sake of appearance to the general public as well as protection against the acts themselves that a judge be prohibited from any activity in a case in which he has been recused.
Price, 274 So.2d at 197 (Emphasis added and citations omitted). Thus, in Price, the state’s appeal was dismissed as untimely, since it had sought and obtained an extension of time in which to file its appeal from a judge who had been recused in the case.
Applying Price in a civil case, this court held in Revere v. Strain, 02-0254 (La.App. 1st Cir.12/31/02), 837 So.2d 137, that a judge who had recused herself could not sign an order that she had orally sustained prior to the recusal. This court noted that “the power and authority for [one] to act as judge in a particular case for any and all reasons ceases at the moment of recu-sal.” Revere, 837 So.2d at 138. See also Arcement v. Cruz, 02-2533 (La.App. 4th Cir.12/20/02), 836 So.2d 314, 315 (“Once a I.judge recuses himself or herself from hearing a case, the judge is thereafter precluded from hearing that case ever again.”) Given the foregoing, it is clear that if a trial judge recuses herself from a case, the trial judge may not take any further action in that case, including that of rescinding her prior order of recusal.
Turning to the record, we initially note that there is no signed order of recu-sal. This is of no moment, however. Neither Article 672 nor 673 requires that a judge sign an order when he recuses himself on his own motion. More significantly, LSA-C.Cr.P. art. 673 provides that a judge has full power and authority to act “until he is recused.” It would be nonsensical to interpret Article 673 to provide that a judge who has orally recused himself on his own motion is not “recused” for purposes of Article 673 and can take action in the case up until an order is signed. As noted in Price, the theory of recusation is based on public policy considerations regarding the appearance of impartiality as well as the protection of litigants. These considerations are implicated as soon as the trial judge has orally announced he is recusing himself. Price, 274 So.2d at 197.
We further disagree with the defendant’s argument that transcripts in the record do not support the state’s assertion that the trial judge recused herself. On September 30, 2002, the trial court informed the defendant that “if [the defendant] chooses to waive a jury, the court will recuse itself.” The defendant then proceeded to waive his right to a jury trial. The court Immediately responded that it “will recuse itself and order that this matter be ... sent” for random allotment to another section of the court. The minutes from this hearing note that the “Court recused itself from this matter.”
*603 On October 8, 2002, the trial court said several times that it had “recused itself,” that “this court never would have recused itself’ had the defendant not requested a bench trial, that the court wanted to “rescind its recusal,” and that the court wanted to “vacate the order recusing [itself].” The minutes from this hearing state that the trial court “vacated it’s [sic] order to recuse itself.”
Given the foregoing, there is simply no other conclusion to draw from the transcripts of the two hearings and the corresponding minute entries but that the trial judge recused herself from the case on September 30, 2002. As such, she had no | fipower or authority to act in the case, and any further action taken by her on October 8, 2002, was an absolute nullity.
CONCLUSION
The trial judge recused herself ex pro-prio motu on September 30, 2002. Her power and authority to act in this case for any and all reasons ceased at the moment of recusal. Therefore, the trial court’s granting of the defendant’s motion to reconsider his prior waiver of his right to trial by jury, as well as the trial court’s vacating of its own recusal on October 8, 2002, were without authority. This case is remanded to the Nineteenth Judicial District Court for random reallotment to another section of the court as provided by law.
REVERSED AND REMANDED WITH INSTRUCTIONS.

. This ruling was later reversed by a writ panel of this court, which held the confession admissible. State v. Clarke, 02-0128 (La.App. 1st Cir.2/25/02) (unpublished writ action), writ denied, 02-0927 (La.8/30/02), 823 So.2d 942.