STATE OF LOUISIANA                                    NO. 23-K-147

VERSUS                                                FIFTH CIRCUIT

JERMAN NEVEAUX                                        COURT OF APPEAL

                                                      STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

_____ April 25, 2023 _____

Linda Wiseman
First Deputy Clerk

**IN RE** JERMAN NEVEAUX

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NANCY A. MILLER, DIVISION "I", NUMBER 16-4029

---

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**WRIT GRANTED; RULING VACATED; REMANDED FOR FURTHER PROCEEDINGS**

On March 22, 2023, relator Jerman Neveaux sought supervisory review with this Court of the trial court's February 2, 2023 judgment, which granted the State's notice of intent to use La. C.Cr.P. art. 404(B) evidence at the trial of this capital matter. Trial is currently scheduled for August 2023.

After this writ application was filed and prior to this Court's consideration of the merits of the Article 404(B) ruling, the Supreme Court ruled upon another writ application in this matter relative to rulings by the trial court and this Court which denied relator's Motion to Recuse Judge Nancy Miller. The Motion to Recuse was the second such motion filed in this case and was reurged on August 30, 2022 following the newly enacted amendment to La. C.Cr.P. art. 671(B) to include a new and objective ground to recuse a judge. The trial court denied the second motion to recuse on October 27, 2022; this Court denied writs. *See State v. Neveaux*, 22-604, *unpub.* (La. App. 5 Cir. 1/5/23).

In its ruling, the Supreme Court found that Judge Miller should be recused from this matter under the newly enacted La. C.Cr.P. art. 671(B), specifically stating:

> Writ granted. Under the unique circumstances presented in this first degree murder prosecution, which seeks the death penalty, we reverse the rulings of the lower courts. The decedent was a Jefferson Parish Sheriff's Officer. The district court judge is married to a JPSO sergeant, who knew the decedent, and assisted in directing the traffic at the scene of the alleged crime. The judge is uncertain, but may

have attended the decedent's funeral. We find, based on an objective evaluation, it can be reasonably and substantially expected the judge would be unable to conduct the proceedings in a fair and impartial manner. Considering these unique facts, the interests of justice and Code of Criminal Procedure art. 671(B) require recusal. We remand for reallotment.

*State v. Neveaux*, 23-00183 (La. 3/28/23), 2023 WL 2661108. The case has since been realloted to a new trial judge.

In light of the above Supreme Court recusal ruling, relator filed a supplemental application in the above-captioned matter asking this Court to vacate the judgment of February 2, 2023, rather than considering the merits of the trial court's ruling on the Article 404(B) evidence. The State filed a response. While not conceding any error in Judge Miller's February 2, 2023 ruling, the State recognized that Judge Miller's ruling should be vacated.

La. C.Cr.P. art. 673 provides:

A judge has full power and authority to act, even though a ground for recusal exists, until he is recused, or a motion for his recusal is filed. The judge to whom the motion to recuse is assigned shall have full power and authority to act in the cause pending the disposition of the motion to recuse.

The theory of recusation is based upon public policy, for it is applied not only for the protection of the litigants, but generally to see that justice is done by an impartial court. It is, therefore, for the sake of appearance to the general public as well as protection against the acts themselves that a judge be prohibited from any activity in a case in which he has been recused. *State v. Price*, 274 So.2d 194, 197 (La. 1973).

The current writ application is in a similar procedural posture to that in *State v. Seward*, 365 So.2d 827 (La. 1978), in that a judge appears to have made rulings between the time a motion to recuse the judge was initially denied and the time the recusal was ultimately granted by the Supreme Court. Therein, the high court stated:

Writ granted. The ruling on the motion to recuse is reversed, and the recusal is granted. Accordingly, the ruling on the motion to suppress is vacated and set aside and it is ordered that the motion be heard before the judge to whom it is re-allotted. Our ruling is without prejudice to the relator's right to move to set aside any other ruling of the recused judge.

Further, in the Supreme Court's ruling in *Neveaux*, 2023 WL 2661108, the court stated that "it can be reasonably and substantially expected the judge would be unable to conduct the proceedings in a fair and impartial manner."

Accordingly, under the unique circumstances presented in this first degree murder prosecution, which seeks the death penalty, and in light of the Supreme Court's ruling in *Neveaux*, 2023 WL 2661108, the February 2, 2023 ruling on the merits of the Article 404(B) motion is hereby vacated. The matter is remanded for further proceedings.

Gretna, Louisiana, this 25th day of April, 2023.

**JGG**
**FHW**
**RAC**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **04/25/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-147**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Nancy A. Miller (DISTRICT JUDGE)
Darren A. Allemand (Respondent)

Thomas J. Butler (Respondent)
Elliott T. Brown (Relator)

### MAILED

Christine M. Lehmann (Relator)
Attorney at Law
636 Baronne Street
New Orleans, LA 70113

Honorable Paul D. Connick, Jr.
(Respondent)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053

SECURITY

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Christine M. Lehmann
Attorney at Law
636 Baronne Street
New Orleans, LA 70113
23-1____             04-25-23

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2434 6249 3632 77

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6816

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____   ☐ Agent
                   ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
C. Czikmund

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt