STATE OF LOUISIANA                          NO. 24-K-421

VERSUS                                      FIFTH CIRCUIT

DERWIN WALKER                               COURT OF APPEAL

                                            STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE FORTIETH
JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 19,279, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING


October 17, 2024


**SUSAN M. CHEHARDY**
**CHIEF JUDGE**


Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson


**WRIT GRANTED, JUDGMENT REVERSED;**
**MOTION TO QUASH GRANTED**
    **SMC**
    **JGG**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
DERWIN WALKER
      Gregory E. Payton
      Remy V. Starns
      Mark D. Plaisance
      Marcus J. Plaisance

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
      Elizabeth B. Murrill
      Daniel J. Smart
      J. Taylor Gray
      J. Bryant Clark, Jr.
      Stephanie M. Bruno

**CHEHARDY, C.J.**

Defendant-relator, Derwin Walker, seeks supervisory review of the trial court's denial of his Motion to Quash Subpoena Issued by the State's Motion to Compel Testimony of Derwin Walker Pursuant to Louisiana C.Cr.P. art. 439.1. For the reasons that follow, we grant the writ, reverse the trial court's ruling, and remand for further proceedings consistent with this disposition.

On September 23, 2019, the St. John the Baptist Parish District Attorney filed a Motion to Recuse the District Attorney's Office in "State v. Theron Williams, Jr., Kelvin Taylor, and Craig Lee, Sr." within the instant case. On September 26, 2019, the trial court granted the motion and appointed the Attorney General for the State of Louisiana as prosecutor. On November 6, 2019, the St. John the Baptist Parish District Attorney filed a Supplemental Motion to Recuse the District Attorney's Office to include the name of relator, Derwin Walker. The trial court granted the supplemental motion on the same date.

On November 18, 2019, a St. John the Baptist Parish Grand Jury indicted relator with obstruction of justice in violation of La. R.S. 14:130.1 (count eight).[1] Defense counsel later filed a Motion to Sever, which the trial court granted on January 22, 2024. The Louisiana Attorney General on behalf of the State sought supervisory review. This Court denied the writ application. *See State v. Walker*, 24-37 (La. App. 5 Cir. 1/25/24) (unpublished writ disposition), *writ denied*, 24-201 (La. 4/30/24), 383 So.3d 929.

---

[1] In the same indictment, the grand jury also charged Kelvin Taylor with two counts of second-degree murder in violation of La. R.S. 14:30.1 (counts one and two), one count of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count three), and one count of obstruction of justice in violation of La. R.S. 14:130.1 (count four). Additionally, the indictment charged Theron Williams with two counts of second-degree murder in violation of La. R.S. 14:30.1 (counts five and six), and one count of obstruction of justice in violation of La. R.S. 14:130.1 (count seven). Finally, it charged Craig Lee Sr., with accessory after the fact in violation of La. R.S. "14:(25)30.1" (count nine).

The Louisiana Attorney General and the St. John the Baptist Parish District Attorney later filed a Motion to Compel Testimony of Derwin Walker Pursuant to C.Cr.P. art. 439.1. Defense counsel subsequently filed a Motion to Quash Subpoena Issued by the State's Motion to Compel Testimony of Derwin Walker Pursuant to Louisiana C.Cr.P. art. 439.1.

On August 7, 2024, after a hearing, the trial court denied the motion to quash the subpoena. Defense counsel timely filed the instant writ application seeking review of that ruling.[2]

*Discussion*

In September 2019, the St. John the Baptist Parish District Attorney filed a Motion to Recuse District Attorney's Office, stating that one of the defendants, Theron Williams, was the nephew of the former managing attorney in the district attorney's office and the nephew of a St. John the Baptist Parish councilman. The district attorney also stated that another defendant, Kelvin Taylor, was the stepson of another St. John the Baptist Parish councilman. The trial court granted the motion and appointed the Louisiana Attorney General as prosecutor. In November 2019, the district attorney filed a supplemental motion to recuse to include relator's name in the motion. The trial judge granted that motion as well.

On June 4, 2024, the Louisiana Attorney General and the St. John the Baptist Parish District Attorney filed a Motion to Compel Testimony of Derwin Walker Pursuant to C.Cr.P. art. 439.1. In that motion, the attorney general and the district attorney asserted that relator was indicted for obstruction of justice, after

---

[2] The State argues that relator's writ application is untimely because the trial court initially set the return date for August 12, 2024, only five days after the August 7, 2024 ruling on the motion to quash, but on August 8, 2024, the trial was continued because the State could not locate a witness. On August 14, 2024, after trial had been continued, relator filed a motion for extension of the return date, which the trial court granted. On August 22, 2024, relator filed a notice of intent to seek writs, and the trial court set a new return date of September 11, 2024. Because the trial court vacated relator's initial (oral) notice of intent, and relator requested a new return date within the 30-day period mandated for seeking review under the Uniform Rules – Courts of Appeal Rule 4-3, we reject the State's argument that relator's writ application is untimely.

which he gave a self-serving and inculpatory statement to detectives indicating that he committed obstruction of justice for an unrelated shooting. They further asserted that relator's testimony was necessary to the public interest because it was material and probative as it related to the disposal, alteration, and secretion of material evidence used during the commission of a double homicide. Additionally, the attorney general and the district attorney stated that relator was likely to refuse to give testimony or provide information on the basis of his privilege against self-incrimination. The attorney general and the district attorney maintained that no testimony or other information compelled under the order, nor any information directly or indirectly derived from such testimony, would be used against relator in any criminal case except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the order. As such, they requested that their motion be granted and that relator be compelled to testify in compliance with La. C.Cr.P. art. 439.1.

Relator filed a Motion to Quash Subpoena Issued by the State's Motion to Compel Testimony of Derwin Walker Pursuant to Louisiana C.Cr.P. art. 439.1. He argued that the State's motion to compel testimony on its face was defective and absolutely null because the district attorney is barred from acting in a case in which she is recused. He pointed out that under La. C.Cr.P. art. 682, when the district attorney recuses himself, the trial court shall either appoint an attorney to act in the place of the district attorney or notify the attorney general in writing of the recusation. He stated that in the latter case, it shall be the duty of the attorney general to appoint a member of his staff or another district attorney to act for the recused district attorney.

Relator contended that in this case, the Louisiana Attorney General appointed another attorney in her office to act as attorney *ad hoc*. As such, relator stated the attorney general's office has stepped into the place of the district

attorney. However, relator averred that the recused district attorney was allowed to continue to perform duties as if she had not been recused in 2019. He argued that this action not only violated the rules of Article 682, it also violated his right to due process. Additionally, relator argued that the recused district attorney's unsanctioned actions may constitute an ethical violation. As such, relator requested that the motion to compel be quashed.

At the August 7, 2024 hearing on the motion to quash, the assistant attorney general responded that he and the district attorney both signed the motion to compel in their respective capacities. He stated that this was not a unique circumstance because it has happened throughout the state. The assistant attorney general explained that under La. C.Cr.P. art. 682, the trial court had the discretion to either appoint a person who would qualify as a district attorney or appoint the attorney general's office. The assistant attorney general asserted that even if he believed relator's argument, the only thing the State would have to do to remedy the situation was to provide a "431.1 notice" signed by the assistant attorney general (AAG). The AAG did not believe that the district attorney for the parish could act on this case, but thought that the district attorney procedurally could sign the motion because it is required under Article 439.1. The AAG contended that the motion to compel was a perfunctory act that the trial court signs when the State agrees to put someone on the stand and "strip" that person of his fifth-amendment privilege.

Relator replied that under Article 682, it was the duty of the attorney general, not the court, to appoint a member of his staff or a district attorney of another district to act in the place of a recused district attorney. Relator also argued that although Article 439.1 had been acted upon all over Louisiana, it had not been acted upon by a recused district attorney's office. Counsel for relator denied that he was seeking sanctions against anyone, but stated that he believed the assistant

attorney general, acting in collusion with a recused district attorney's office, was potentially sanctionable. Relator argued that the motion to compel was absolutely null and that a district attorney who had recused herself from a case cannot act in that case. He explained that the attorney general's office could not ask the district attorney, who had recused herself, to act in concert with it.

After a brief recess, the trial judge denied the motion to quash:

> This is on the motion to quash, finding that the attorney general's office was able to sign the motion, the 439.1 notice, and the administrative function of the district attorney's office, she is not deprived of that function when she is recused; otherwise, there would be no indications in my mind when that circumstance would exist where a 439.1 notice could ever be issued.

Relator now contends the trial court erred because the district attorney lost any authority over this matter when she self-recused and the trial court appointed the attorney general to act on the district attorney's office's behalf. Relator contends the district attorney cannot sign the motion to compel where she and her office lack authority. He also contends that because the current motion to compel/immunity agreement is absolutely null, the State should move, and the trial court should appoint, an *ad hoc* district attorney under La. C.Cr.P. arts. 681-682 to review the motion to compel with immunity so that relator's due process rights are protected. Relator asserts that although this issue has been resolved in the context of judges, it appears to be *res nova* in the context of district attorneys.

The Louisiana Attorney General argues in response that relator failed to show that the trial court abused its discretion in denying the motion to quash the subpoena. It further argues the State facially complied with the requirements of La. C.Cr.P. art. 439.1, and defense counsel's interpretation of Article 439.1 would lead to an absurd result. The Louisiana Attorney General contends the motion to compel was signed by representatives of the attorney general and the district attorney. It further contends that this was the only way to comply with the express provisions

of La. C.Cr.P. art. 439.1. The State asserts that the Code of Criminal Procedure does not provide for the appointment of a limited *ad hoc* district attorney acting as a concurrent *ad hoc* district attorney alongside the attorney general. Further, it claims the signature of the district attorney on the motion to compel was a ministerial act and not a substantive act.

La. C.Cr.P. art. 439.1 provides:

> **Art. 439.1. Witnesses; authority to compel testimony and evidence**
>
> A. In the case of any individual who has been or may be called to testify or provide other information at any proceeding before or ancillary to a grand jury of the state, at any proceeding before a court of this state, or in response to any subpoena by the attorney general or district attorney, the judicial district court of the district in which the proceeding is or may be held shall issue, in accordance with Subsection B of this article, upon the request of the attorney general together with the district attorney for such district, an order requiring such individual to give testimony or provide other information which he refuses to give or provide on the basis of his privilege against self-incrimination, such order to become effective as provided in Subsection C of this article.
>
> B. The attorney general together with the district attorney may request an order under Subsection A of this article when in his judgment
>
> (1) the testimony or other information from such individual may be necessary to the public interest; and
>
> (2) such individual has refused or is likely to refuse to testify or provide other information on the basis of his privilege against self incrimination.
>
> C. The witness may not refuse to comply with the order on the basis of his privilege against self incrimination, but no testimony or other information compelled under the order, or any information directly or indirectly derived from such testimony or other information, may be used against the witness in any criminal case, except a prosecution for perjury, giving a false statement or otherwise failing to comply with the order.
>
> D. Whoever refuses to comply with an order as hereinabove provided shall be adjudged in contempt of court and punished as provided by law.

La. C.Cr.P. art. 682 provides:

**Art. 682. Appointment of substitute for a recused district attorney**

> When a district attorney is recused, or recuses himself, the trial judge shall either appoint an attorney at law, who has the qualifications of a district attorney and is not an assistant to the recused district attorney, to act in the place of the district attorney in the case, or shall notify the attorney general in writing of the recusation. In the latter instance, it shall be the duty of the attorney general to appoint a member of his staff or a district attorney of another district to act in the place of the recused district attorney. The substitute appointed for the recused district attorney shall have all powers of the recused district attorney with reference to the case.

The starting point in the interpretation of any statutory provision is the language of the statute itself. *State v. Jago*, 16-346 (La. App. 5 Cir. 12/28/16), 209 So.3d 1078, 1082, *writ denied*, 17-183 (La. 11/17/17), 228 So.3d 1218. A criminal statute must be given a genuine construction consistent with the plain meaning of the language in light of its context and with reference to the purpose of the provision. La. R.S. 14:3; *Jago*, 209 So.3d at 1082. Words and phrases must be read with their context and shall be construed according to the common and approved usage of the language. La. R.S. 1:3. A criminal statute should be interpreted so as to be in harmony with and to preserve and effectuate the manifest intent of the legislature, and an interpretation that would operate to defeat the object and purpose of the statute should be avoided. *Jago*, *supra*; *State v. Shaw*, 06-2467 (La. 11/27/07), 969 So.2d 1233, 1242. Thus, where the words of a statute are clear and free from ambiguity, they are not to be disregarded under the pretext of pursuing their spirit. La. R.S. 1:4; *Jago*, *supra*.

In the context of judicial recusals, once a motion to recuse has been filed, a judge has no power to act, and any action taken by that judge is an absolute nullity. *In re Judge Sassone*, 07-651 (La. 6/29/07), 959 So.2d 859, 875 (citing *State v. Price*, 274 So.2d 194, 197 (La. 1973)). In *State v. Neveaux*, 23-147 (La. App. 5 Cir. 3/23/23) 2023 WL 3067058, at *1 (citing *Price*, *supra*), this Court stated:

The theory of recusation is based upon public policy, for it is applied not only for the protection of the litigants, but generally to see that justice is done by an impartial court. It is, therefore, for the sake of appearance to the general public as well as protection against the acts themselves that a judge be prohibited from any activity in a case in which he has been recused.

In this case, Article 439.1 provides that both the attorney general and the district attorney must request a motion to compel testimony; however, the statute does not address the situation in which either the attorney general or the district attorney is recused. As this issue appears to be *res nova*, we look to the law on judicial recusal, which states that once a judge has recused herself in a case, she has no power to act in that case, and any action that the judge takes in that proceeding after recusal is an absolute nullity. *See Sassone*, 959 So.2d at 875; *Neveaux*, *supra*.

Here, we disagree with the State's contention that the motion to compel relator's testimony against his co-defendants is merely a procedural or ministerial act. In opposition to relator's writ application, the Attorney General acknowledges that she "elected to compel" respondent's testimony, but further contends that the recused district attorney "was without discretion to oppose this." As the State tacitly acknowledges, the decision to compel testimony under La. C.Cr.P. art. 439.1 is a strategic decision to be made at the prosecutors' discretion, and the language of Article 439.1 A and B requires participation of both the district attorney and the attorney general. The recused district attorney lacked authority to make such a determination here. The Attorney General's recourse under the circumstances is therefore to request the appointment of an *ad hoc* district attorney for the purpose of joining in an order seeking to compel testimony or evidence under La. C.Cr.P. art. 439.1.

In sum, we find the trial court erred in denying relator's motion to quash the State' motion to compel testimony. Due to the St. John the Baptist Parish District

Attorney's self-recusal, her office's participation in requesting an order to compel testimony under La. C.Cr.P. art. 439.1 renders the motion an absolute nullity. Accordingly, we grant the writ, reverse the trial court's ruling, grant relator's motion to quash the State's motion to compel testimony, and remand for further proceedings consistent with this disposition. Our ruling does not prevent the State from pursuing a new motion to compel testimony pursuant to La. C.Cr.P. art. 439.1.

**WRIT GRANTED, JUDGMENT REVERSED;
MOTION TO QUASH GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 17, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-421**

### E-NOTIFIED

40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
MARK D. PLAISANCE (RELATOR)          ELIZABETH B. MURRILL (RESPONDENT)          J. TAYLOR GRAY (RESPONDENT)

### MAILED

GREGORY E. PAYTON (RELATOR)          REMY V. STARNS (RELATOR)          DANIEL J. SMART (RESPONDENT)
ATTORNEY AT LAW                      ATTORNEY AT LAW                   J. BRYANT CLARK, JR. (RESPONDENT)
11960 BRICKSOME AVENUE               301 MAIN STREET                   STEPHANIE M. BRUNO (RESPONDENT)
SUITE C                              SUITE 700                         ASSISTANT ATTORNEYS GENERAL
BATON ROUGE, LA 70816                BATON ROUGE, LA 70825             LOUISIANA DEPARTMENT OF JUSTICE
                                                                       POST OFFICE BOX 94005
MARCUS J. PLAISANCE (RELATOR)                                          BATON ROUGE, LA 70804
ATTORNEY AT LAW
POST OFFICE BOX 1123
PRAIRIEVILLE, LA 70769